Exhibit A

# STATE OF ILLINOIS
## DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION
### DIVISION OF PROFESSIONAL REGULATION

| | | |
|---|---|---|
| DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION | ) | |
| of the State of Illinois, | Complainant, ) | |
| v. | ) No. 2013-09763 | |
| Charles S. Dehaan, M.D., | ) | |
| License No. 036-064615/336-029000, | Respondent. ) | |

## NOTICE OF TEMPORARY SUSPENSION

To:   Charles S. Dehaan, M.D.
HOUSECALL PHYSICIANS OF ILLINOIS, S.C.
124 N WATER ST STE 208
ROCKFORD, IL 61107


CHARLES S. DEHAAN, M.D.
7431 East State Street, Box 226
ROCKFORD, IL 61108

PLEASE TAKE NOTICE that the Director of the Division of Professional Regulation of the State of Illinois signed the attached ORDER which provides that your Illinois Physician and Surgeon License No. 036-064615 and Illinois Controlled Substance License No. 336-029000 are **TEMPORARILY SUSPENDED**. Copies of the ORDER, Petition, Complaint and Affidavits on which it is based, are attached.

FURTHERMORE, on **January 28, 2014 at 10:00 am** the Medical Disciplinary Board of the Department of Financial and Professional Regulation of the State of Illinois will hold a hearing at 100 W. Randolph Street, Suite 9-300, Chicago, Illinois 60601, to determine the truth of the charges set forth in the attached Complaint. At the hearing you will be given an opportunity to present such statements, testimony, evidence and argument as may be pertinent to or in defense to the charges.

It is required that you appear at the hearing unless the matter is continued in advance. Failure to attend the hearing at the time and place as stated above may result in a decision being made, in your absence, to continue the suspension of your license. You

1

have the right to retain counsel to represent you in this matter and, in the opinion of this Department; it is advisable to be represented by a lawyer.

It is required that you file a VERIFED ANSWER to the attached Complaint with the Department of Financial and Professional Regulation by the date of the hearing.

No CONTINUANCE of a hearing will be granted except at the discretion of the Committee or Board. A written motion for continuance must be served on the Department of Financial and Professional Regulation at least three (3) business days before the date set for the Hearing and must set forth the reasons why holding the hearing on the date indicated will cause undue hardship.

Your ANSWER, your lawyer's APPEARANCE, and all MOTIONS or papers should be filed with the Clerk of the Court of the Department of Financial and Professional Regulation, at 100 W. Randolph Street, Suite 9-300, Chicago, IL 60601.

RULES OF PRACTICE IN ADMINISTRATIVE HEARINGS IN THE DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION BEFORE COMMITTEES OR BOARDS OF SAID DEPARTMENT are accessible at http://www.idfpr.com/PROFS/Info/Physicians.asp or available upon request.

> **DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION of the State of Illinois**
>
> By:
>
> Laura E. Forester
> Chief of Medical Prosecution

Vladimir Lozovskiy
Staff Attorney
Department of Financial and Professional Regulation
Division of Professional Regulation
100 West Randolph, Suite 9-300
Chicago, Illinois 60601
312/814-1691

## STATE OF ILLINOIS
## DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION
## DIVISION OF PROFESSIONAL REGULATION

| | | |
|---|---|---|
| DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION | ) | |
| of the State of Illinois, | ) | |
| Complainant, | ) | |
| v. | ) No. 2013-09763 | |
| Charles S. Dehaan, M.D., | ) | |
| License No. 036-064615/336-029000, | Respondent. ) | |

## ORDER

This matter having come before the Director of the Division of Professional Regulation of the State of Illinois, on a Petition filed by the Chief of Medical Prosecutions of the Division, which requested Temporary Suspension of the Illinois Physician and Surgeon License No. 036-064615 and the Illinois Controlled Substance License No. 336-029000 of Respondent, Charles S. Dehaan, M.D., and the Director, having examined the Petition, finds that the public interest, safety and welfare imperatively require emergency action to prevent the continued practice of Charles S. Dehaan, M.D., Respondent, in that Respondent's actions constitute an immediate danger to the public.

NOW, THEREFORE, I, JAY STEWART, DIRECTOR OF THE DIVISION OF PROFESSIONAL REGULATION of the State of Illinois, hereby ORDER that the Illinois Physician and Surgeon License, License No. 036-064615 and the Illinois Controlled Substance License, Licenses No. 336-029000 of Respondent, Charles S.Dehaan, M.D., to practice medicine as a Physician and Surgeon in the State of Illinois be **SUSPENDED**, pending proceedings before an Administrative Law Judge at the Department of Financial and Professional Regulation and the Medical Disciplinary Board of the State of Illinois.

I FURTHER ORDER that Respondent shall immediately surrender all indicia of licensure to the Department.

DATED THIS _____ DAY OF _____, 2014.


**DEPARTMENT OF FINANCIAL AND**
**PROFESSIONAL REGULATION of the State of**
**Illinois**
**Division of Professional Regulation**

**JAY STEWART**
**Director**


Ref: IDFPR Case No. 2013-09763/License No. 036-064615
and CS License No. 336-029000

**STATE OF ILLINOIS**
**DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION**
**DIVISION OF PROFESSIONAL REGULATION**

| | | |
|---|---|---|
| DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION | ) | |
| of the State of Illinois, | Complainant, ) | |
| v. | ) No. 2013-09763 | |
| Charles S. Dehaan, M.D., | ) | |
| License No. 036-064615/336-029000, | Respondent. ) | |

**PETITION FOR TEMPORARY SUSPENSION**

NOW COMES the Complainant, by its Chief of Medical Prosecutions, Laura

E. Forester, and Petitions JAY STEWART, Director of the Division of Professional

Regulation, Department of Financial and Professional Regulation of the State of Illinois,

pursuant to 225 ILCS 60/37 to issue an Order for Temporary Suspension of the Physician

and Surgeon License and Controlled Substance Licenses of Charles Dehaan, M.D.,

Respondent. In support of said Petition, Petitioner alleges as follows:

1. Respondent is presently the holder of a Certificate of Registration as a Physician
   and Surgeon in the State of Illinois, License No. 036-064615, and Controlled
   Substance License No. 336-029000 issued by the Department of Financial and
   Professional Regulation of the State of Illinois. Said Licenses are presently in
   active status.

2. Information has come to the Department's attention that Respondent has engaged in
   the pattern of sexually inappropriate conduct with multiple patients of his practice.

3. Between 2009 and 2013, the Rockford Police Department was contacted on
   numerous occasions by patients and/or several senior residential facilities'

1

administrators regarding Respondent's inappropriate sexual conduct with elderly patients of his home care practice as well as inappropriate comments to several female patients and/or caregivers while Respondent was conducting home care visits and/or seeing patients.

a. Patient S.P., a 70 year old resident of Rockford Supportive Living, complained that while Respondent was performing his home care visit with her in May 2011, Respondent rubbed her breasts and upper thighs and she had to ask him to stop. Respondent did not stop until patient S.P. began to cry and told Respondent that she was 70 years old. Subsequently, the Rockford Supportive Living administrator contacted the Rockford Police Department regarding Respondent's sexually inappropriate conduct with patient S.P.

b. Patient S.L., a 69 year old resident of Heritage Woods of Rockford, complained that on several occasions between 2010 and 2011, Respondent rubbed her legs and breasts and grabbed her buttocks while Respondent was performing home care visits with her. Patient S.L. indicated that Respondent became visibly sexually aroused and exposed himself to patient S.L. on at least one occasion. Finally, patient S.L. indicated that on one occasion, Respondent walked to patient S.L.'s bedroom and asked patient S.L. to follow him which prompted patient S.L. to ask Respondent to leave her residence. Subsequently, the Heritage Woods of Rockford administrator contacted the Rockford Police Department regarding Respondent's sexually inappropriate conduct with patient S.L.

2

c.  Patient J.H., an 81 year old resident of Heritage Woods of Rockford, complained that sometime in 2009 Respondent fondled her bare breasts and laid on top of her during one of the home care visits. During said home care visit, Respondent indicated that sometimes he is afraid to be a doctor because there are certain things that all men do that he cannot do. Subsequently, the Heritage Woods of Rockford administrator contacted the Rockford Police Department regarding Respondent's sexually inappropriate conduct with patient J.H.

d.  Patient A.M., an 84 year old resident of Rockford Supportive Living, complained that sometime in May 2011, Respondent made her feel very uncomfortable during a home care visit and she requested that Respondent not be permitted to come back to her room. Subsequently, the Rockford Supportive Living administrator contacted the Rockford Police Department regarding Respondent's conduct with patient A.M.

e.  K.A, who was a caregiver for an elderly patient of Respondent, was interviewed by the Rockford Police Department and stated that Respondent groped her breasts and buttocks while Respondent was conducting a home care visit with patient E.T. After K.A. pushed Respondent away, she noticed that Respondent had an erection.

f.  Patient D.A., a 55 year old disabled resident of an assisted living facility, complained that sometime in June 2013 Respondent asked the her to put a bikini on and do the dishes during a home care visit. Subsequently, patient

> D.A. contacted Respondent's home care business as well as made a formal complaint with the Rockford Police Department;

> g. In November 2009, S.B. came forward to the Rockford Police Department complaining that she brought her two daughters to an appointment with Respondent. During said appointment, Respondent told her that she was beautiful, placed his hands on S.B.'s inner thighs and made moaning noises while hugging S.B. and touching her breasts.

4. In addition, the Department received information that Respondent was having sex with at least one patient, M.H., who has a history of mental disorder. During the interview with the Department's Investigators, patient M.H. indicated that she had sex with Respondent 2-3 times/month for approximately 6 months while Respondent prescribed Controlled Substances, such as Ritalin and Norco, to her.

5. The Department also learned that between April and September 2013, Respondent issued multiple prescriptions for Vicodin for V.R., totaling over 1000 tablets, without establishing a physician-patient relationship and did not conduct appropriate evaluations or examinations of V.R.

6. The Department also learned that in June 2010, Respondent, who was a President of House Calls of Greater Chicago, S.C., was sued by Hilda L. Solis, Secretary of Labor, the United States Department of Labor, for violation of the fiduciary provisions of the ERISA relating to the House Calls of Greater Chicago Simple IRA Plan. Specifically, the Secretary alleged that Respondent failed to ensure that withheld employee contributions, in the excess of $32,000.00, were remitted to the IRA Plan as required.

4

7. On January 14, 2014, Respondent was arrested on an outstanding warrant that had been issued on September 10, 2013, for contempt of court for failing to pay court-ordered fees and/or fines arising out of Respondent's arrest for driving on suspended/revoked license.

8. Brian Zachariah, M.D., Chief Medical Coordinator of the Illinois Department of Financial and Professional Regulations, Division of Professional Regulation, has been consulted in this matter and believes that the continued practice of medicine by Respondent, Charles S. Dehaan, M.D., presents an immediate danger to the safety of the public in the State of Illinois. See the Department's Exhibit A, attached hereto and made a part of this Petition.

Petitioner further alleges that the public interest, safety and welfare imperatively require emergency action, in that Respondent's continued practice of medicine constitutes an immediate danger to the public.

WHEREFORE, Petitioner prays that the Physician and Surgeon License and Controlled Substance License of Charles S. Dehaan, M.D., be Temporarily Suspended pending proceedings before the Medical Disciplinary Board of the State of Illinois.

**DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION of the State of Illinois**

By: _____

Laura E. Forester
Chief of Medical Prosecutions

5

Vladimir Lozovskiy
Staff Attorney, Medical Prosecution Unit
Department of Financial and Professional Regulation
Division of Professional Regulation
100 West Randolph, Suite 9-300
Chicago, Illinois 60601
312/814-1691

**STATE OF ILLINOIS**
**DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATIO**
**DIVISION OF PROFESSIONAL REGULATION**

| | | |
|---|---|---|
| DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION | ) | |
| of the State of Illinois, | Complainant, ) | |
| v. | ) No. 2013-09763 | |
| Charles S. Dehaan, M.D., | ) | |
| License No. 036-064615/336-029000, | Respondent. ) | |

## COMPLAINT

NOW COMES the DEPARTMENT OF FINANCIAL AND PROFESSIONAL

REGULATION, DIVISION OF PROFESSIONAL REGULATION, of the State of

Illinois, by its Chief of Medical Prosecutions, Laura E. Forester, and as its COMPLAINT

against Charles S. Dehaan, M.D., Respondent, complains as follows:

### COUNT I

1. Respondent is presently the holder of a Certificate of Registration as a Physician
   and Surgeon in the State of Illinois, License No. 036-064615, and Controlled
   Substance License No. 336-029000 issued by the Department of Financial and
   Professional Regulation of the State of Illinois. Said Licenses are presently in
   active status.

2. That the Department has jurisdiction to investigate complaints and to bring this
   action pursuant to 225 ILCS 60/36.

3. At all times herein mentioned, Respondent was practicing as a Physician and
   Surgeon in the Rockford-area of the State of Illinois.

4. Between 2010 and 2011, Respondent was a treating physician of patient S.P.

5. On or about May 20, 2011, patient S.P. was 70 years old.

6. On or about May 20, 2011, Respondent presented himself to patient S.P.'s room at Rockford Supportive Living Center, Rockford, Illinois for a home care visit.

7. On or about May 20, 2011, Respondent engaged in the following conduct with patient S.P.:

   a. Sat on patient S.P.'s walker in front of her;

   b. Began rubbing patient S.P.'s legs including upper thighs;

   c. Began rubbing and squeezing patient S.P.'s hands.

8. While Respondent was rubbing patient S.P.'s breasts, patient S.P. pulled back in her chair and began to cry.

9. While Respondent was rubbing patient S.P.'s breasts, patient S.P. told Respondent the following:

   a. She was 70 years old;

   b. She was going to call her son.

10. Respondent stopped rubbing patient S.P.'s breasts after she notified Respondent that she was going to call her son.

11. On or about May 20, 2011, Respondent became visibly sexually aroused in front of patient S.P.

12. On or June 1, 2011, the Rockford Supportive Living Center administrator contacted the Rockford Police Department regarding Respondent's sexually inappropriate conduct with patient S.P.

13. The foregoing acts and/or omissions are grounds for revocation or suspension of a Certificate of Registration pursuant to 225 Illinois Compiled Statutes, Section 60/22 (A), paragraph (5) and (20).

WHEREFORE, based on the foregoing allegations, the DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, DIVISION OF PROFESSIONAL REGULATION, of the State of Illinois, by Laura E. Forester, its Chief of Medical Prosecutions, prays that the Illinois Physician and Surgeon License and Controlled Substance License of Charles S. Dehaan, M.D., be suspended, revoked, or otherwise disciplined.

## COUNT II

1-3.   The Department hereby adopts and re-alleges paragraphs 1 through 3 of Count I of this Complaint as paragraphs 1 through 3 of Count II.

4.   At all relevant times herein mentioned, Respondent was patient S.L.'s physician.

5.   Between October 2010 and March 2011, Respondent made approximately four home care visits with patient S.L.

6.   On or about October 2010, Respondent presented to patient S.L.'s residence for a home care visit related to fitting patient S.L. into an electric wheelchair.

7.   On or about October 2010, patient S.L. was a 69 year old resident of Luther Center, Rockford, Illinois.

8.   During an October home care visit, Respondent engaged in the following conduct with patient S.L.:

      a. Grabbed patient S.L.'s breasts;

      b. Grabbed patient S.L.'s buttocks.

9.   After the October 2010 home care visit, Respondent made one more home care visit with patient S.L. while she was a resident of Luther Center, and engaged in the following conduct with patient S.L:

      a. Rubbed patient S.L's breasts;

        b. Rubbed patient S.L.'s buttocks;

        c. Became visibly sexually aroused in front of patient S.L.;

        d. Pulled down his surgical scrubs in front of patient S.L;

        e. Exposed his erect penis to patient S.L.

10. On or about December 2010, patient S.L. moved to Heritage Woods of Rockford, an assisted living facility.

11. On or about January 2011, Respondent made another homecare visit with patient S.L.

12. During said January 2011 homecare visit, Respondent rubbed patient S.L.'s breasts.

13. During said January 2011 homecare visit, Respondent rubbed patient S.L.'s buttocks.

14. During said January 2011 homecare visit, Respondent walked into patient S.L.'s bedroom.

15. During said January 2011 homecare visit, Respondent asked patient S.L. to come with him to the bedroom.

16. During said January 2011 homecare visit, patient S.L. asked Respondent to leave her residence.

17. In June 2011, the Heritage Woods of Rockford administrator contacted the Rockford Police Department regarding Respondent's sexually inappropriate conduct with patient S.L.

18.     The foregoing acts and/or omissions are grounds for revocation or suspension of a

        Certificate of Registration pursuant to 225 Illinois Compiled Statutes, Section

        60/22 (A), paragraph (5) and (20).

        WHEREFORE, based on the foregoing allegations, the DEPARTMENT OF

FINANCIAL     AND     PROFESSIONAL     REGULATION,     DIVISION     OF

PROFESSIONAL REGULATION, of the State of Illinois, by Laura E. Forester, its Chief

of Medical Prosecutions, prays that the Illinois Physician and Surgeon License and

Controlled Substance License of Charles S. Dehaan, M.D., be suspended, revoked, or

otherwise disciplined.

## COUNT III

1-3.    The Department hereby adopts and re-alleges paragraphs 1 through 3 of Count I

        of this Complaint as paragraphs 1 through 3 of Count III.

4.      At all times herein mentioned, Respondent was patient M.H.'s physician.

5.      At all times herein mentioned, Respondent knew that patient M.H. had history of

        mental illness.

6.      Respondent initially met M.H. in the elevator while he was making homecare

        visits in Rockford Housing Authority building located at 1000 Chamberlain

        Street, Rockford, Illinois.

7.      During the initial meeting in the elevator, M.H. asked Respondent if he was a

        doctor and indicated that she was looking for a doctor.

8.      During the initial meeting, Respondent told M.H. that they should go to her

        apartment.

9.  Once Respondent entered M.H.'s apartment, Respondent engaged in the following conduct with M.H.:

> a. Asked M.H. when was the last date of her breast exam;
>
> b. Put his hands up M.H. shirt;
>
> c. Pulled M.H.'s shirt up;
>
> d. Fondled M.H.'s breasts;
>
> e. Engaged in vaginal intercourse with M.H.;
>
> f. Provided M.H. with a prescription for Ritalin, Schedule II Controlled Substance;
>
> g. Provided M.H. with a prescription for Norco, Schedule III Controlled Substance.

10. Subsequent to the initial meeting with M.H., Respondent continued to have sex with patient M.H. on multiple occasions.

11. While Respondent continued to have sex with patient M.H., Respondent continued to prescribe various Schedule II to IV Controlled Substances to patient M.H.

12. On or about January 9, 2012, Respondent prescribed Norco in the amount of 90 tablets for patient M.H.

13. On or about February 6, 2012, Respondent prescribed Norco in the amount of 90 tablets for patient M.H.

14. On or about February 6, 2012, Respondent prescribed Ritalin 10 mg in the amount of 90 tablets for patient M.H.

15. On or about February 7, 2012, Respondent prescribed Ativan 0.5 mg in the amount of 90 tablets with one refill for patient M.H.

16. On or about February 9, 2012, Respondent prescribed Norco in the amount of 90 tablets for patient M.H.

17. On or about March 3, 2012, Respondent prescribed Norco in the amount of 90 tablets for patient M.H.

18. On or about March 27, 2012, Respondent prescribed Ritalin 10 mg in the amount of 60 tablets for patient M.H.

19. On or about March 27, 2012, Respondent prescribed Norco in the amount of 120 tablets for patient M.H.

20. On or about June 8, 2012, Respondent prescribed Ritalin 10 mg in the amount of 60 tablets for patient M.H.

21. On or about July 11, 2012, Respondent prescribed Norco in the amount of 90 tablets for patient M.H.

22. On or about July 20, 2012, Respondent prescribed Ritalin 10 mg in the amount of 60 tablets for patient M.H.

23. On or about July 26, 2012, Respondent prescribed Norco in the amount of 90 tablets with three refills for patient M.H.

24. On or about October 16, 2012, Respondent prescribed Norco in the amount of 90 tablets with two refills for patient M.H.

25. On or about October 16, 2012, Respondent prescribed Norco in the amount of 90 tablets for patient M.H.

26. On or about January 21, 2013, Respondent prescribed Norco in the amount of 90 tablets with one refill for patient M.H.

27. The foregoing acts and/or omissions are grounds for revocation or suspension of a Certificate of Registration pursuant to 225 Illinois Compiled Statutes, Section 60/22 (A), paragraph (5) and (20).

WHEREFORE, based on the foregoing allegations, the DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, DIVISION OF PROFESSIONAL REGULATION, of the State of Illinois, by Laura E. Forester, its Chief of Medical Prosecutions, prays that the Illinois Physician and Surgeon License and Controlled Substance License of Charles S. Dehaan, M.D., be suspended, revoked, or otherwise disciplined.

## COUNT IV

1-3. The Department hereby adopts and re-alleges paragraphs 1 through 3 of Count I of this Complaint as paragraphs 1 through 3 of Count IV.

4. Sometime in April 2013, Respondent met V.R. while he was making a homecare visit with V.R.'s friend.

5. During said April 2013 meeting between V.R. and Respondent, Respondent provided V.R. with a prescription for Vicodin, a Schedule III Controlled Substance, with two refills.

6. In April 2013, V.R. was not Respondent's patient.

7. In April 2013, Respondent did not establish a physician-patient relationship with V.R.

8.     In April 2013, Respondent did not conduct an appropriate examination and/or evaluation of V.R. prior to authorizing a prescription for Vicodin.

9.     Between April and September 2013, Respondent issued multiple prescriptions for Vicodin for V.R., totaling over 1000 tablets, without establishing a physician-patient relationship with V.R.

10.    Between April and September 2013, Respondent issued multiple prescriptions for Vicodin for V.R., totaling over 1000 tablets, without conducting an appropriate evaluation and examination of V.R.

11.    On or about January 14, 2014, Respondent was interviewed by the Department's Investigator Joseph Jones along with ISP Special Agent Hector Alejandre.

12.    During said January 14, 2014 interview, Respondent admitted that he issued a prescription for Vicodin with two refills for V.R. who was not his patient.

13.    The foregoing acts and/or omissions are grounds for revocation or suspension of a Certificate of Registration pursuant to 225 Illinois Compiled Statutes, Section 60/22 (A), paragraph (5), (17), (20) and (33).

WHEREFORE, based on the foregoing allegations, the DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, DIVISION OF PROFESSIONAL REGULATION, of the State of Illinois, by Laura E. Forester, its Chief of Medical Prosecutions, prays that the Illinois Physician and Surgeon License and Controlled Substance License of Charles S. Dehaan, M.D., be suspended, revoked, or otherwise disciplined.

## COUNT V

1-3.    The Department hereby adopts and re-alleges paragraphs 1 through 3 of Count I of this Complaint as paragraphs 1 through 3 of Count V.

4.    On or about June 2013, Respondent made a homecare visit with patient D.A.

5.    During said June 2013 homecare visit with patient D.A., Respondent asked patient D.A. the following:

    a. " Hey, why don't you put a bikini on and do the dishes"

6.    In June 2013, patient D.A. contacted the Rockford Police Department regarding Respondent's request during aforementioned homecare visit.

7.    The foregoing acts and/or omissions are grounds for revocation or suspension of a Certificate of Registration pursuant to 225 Illinois Compiled Statutes, Section 60/22 (A), paragraph (5).

WHEREFORE, based on the foregoing allegations, the DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, DIVISION OF PROFESSIONAL REGULATION, of the State of Illinois, by Laura E. Forester, its Chief of Medical Prosecutions, prays that the Illinois Physician and Surgeon License and Controlled Substance License of Charles S. Dehaan, M.D., be suspended, revoked, or otherwise disciplined.

**DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, DIVISION OF PROFESSIONAL REGULATION, of the State of Illinois**

By: _____

Laura E. Forester
Chief of Medical Prosecutions

Vladimir Lozovskiy
Staff Attorney, Medical Prosecution Unit
Department of Financial and Professional Regulation
Division of Professional Regulation
100 West Randolph, 9-300
Chicago, Illinois 60601
312/814-1691

**STATE OF ILLINOIS**
**DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION**
**DIVISION OF PROFESSIONAL REGULATION**

DEPARTMENT OF FINANCIAL AND )
PROFESSIONAL REGULATION )
of the State of Illinois,                Complainant, )
                                    v.                              ) No. 2013-09763
Charles S. Dehaan, M.D.,                                  )
License No. 036-064615/336-029000,        Respondent.  )

STATE OF ILLINOIS        )
                                        ) ss:   2013-09763
COUNTY OF COOK        )

     I, _____, agent for the Department of Financial and

Professional Regulation of the State of Illinois, served NOTICE OF TEMPORARY

SUSPENSION, ORDER, PETITION FOR TEMPORARY SUSPENSION, COMPLAINT

and AFFIDAVITs _____ by personal

service at _____ on _____,

2014.

_____
AFFIANT

Subscribed and sworn to before me this

_____ day of _____, 2014.

_____
NOTARY PUBLIC

STATE OF ILLINOIS
DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION
DIVISION OF PROFESSIONAL REGULATION

DEPARTMENT OF FINANCIAL AND ) 
PROFESSIONAL REGULATION )
of the State of Illinois, Complainant, )
      v. ) No. 2013-09763
Charles S. Dehaan, M.D., )
License No. 036-064615/336-029000. Respondent. )

### AFFIDAVIT OF BRIAN ZACHARIAH, M.D.

I, Brian Zachariah, M.D., being duly sworn upon oath, depose and make this Affidavit on

my personal knowledge, and if sworn as a witness in this matter I would competently testify to the

following facts:

1.    I am a Physician licensed to practice medicine in the State of Illinois. I

       have been a licensed Physician for approximately twenty-seven years.

2.    I am currently a Chief Medical Coordinator of the Illinois Department of Financial

       and Professional Regulation, Division of Professional Regulation.

3.    I have reviewed multiple Rockford Police Department reports along with the

       Department's Investigative reports involving Respondent.

4.    I learned that between 2009 and 2013, Rockford Police Department was contacted

       on numerous occasions by patients and/or several senior residential facilities'

       administrators regarding Respondent's inappropriate sexual conduct with elderly

       patients of his home care practice as well as inappropriate comments to several

       female patients and/or caregivers while Respondent was conducting home care

1



visits and/or seeing patients.

5.   I also learned that the Department received information that Respondent was having sex with at least one patient, M.H., who has a history of mental disorder. During the interview with the Department's Investigators, patient M.H. indicated that she had sex with Respondent 2-3 times/month for approximately 6 months while Respondent prescribed Controlled Substances, such as Ritalin and Norco, to her. The review of the Illinois Prescription Monitoring Program revealed that Respondent authorized multiple Schedule II through IV Controlled Substances for patient M.H.

6.   I also learned that between April and September 2013, Respondent issued multiple prescriptions for Vicodin for V.R., totaling over 1000 tablets, without establishing    a physician-patient relationship and without conducting an appropriate evaluation and examination of    V.R. During January 14, 2014 interview with the Department Investigator Jones,    Respondent admitted to authorizing a prescription for Vicodin with two refills without establishing a physician-patient relationship.

7.   Based on the foregoing I am of the opinion to a reasonable degree of medical certainty that the continued practice of medicine by Charles S. Dehaan, M.D., presents an immediate danger to the safety of the public in the State of Illinois.

Brian Zachariah, M.D.
Affiant

2

Subscribed and sworn to before me
this _16th_ day of January 2014.

_Kathleen Walsh_

NOTARY PUBLIC

OFFICIAL SEAL
KATHLEEN M WALSH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/06/17

3

**STATE OF ILLINOIS**
**DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION**
**DIVISION OF PROFESSIONAL REGULATION**

DEPARTMENT OF FINANCIAL AND ) 
PROFESSIONAL REGULATION ) 
of the State of Illinois, Complainant, ) 
     v. ) No. 2013-09763 
Charles S. Dehaan, M.D., ) 
License No. 036-064615/336-029000, Respondent. )

<u>**AFFIDAVIT OF JOSEPH M. JONES**</u>

I, Joseph M. Jones, being duly sworn upon oath, depose and make this Affidavit on my personal knowledge, and if sworn as a witness in this matter I would competently testify to the following facts:

1.     I am an Investigator at the Illinois Department of Financial and Professional Regulation, Division of Professional Regulation, Medical Investigation Unit.

2.     In the course of my duties, I was assigned a complaint alleging an inappropriate sexual relationship between Respondent and patient M.H. Subsequently, I along with Department Investigator Meeks, interviewed patient M.H. who indicated that she had sex with Respondent 2-3 times/month for approximately 6 months while Respondent prescribed Controlled Substances, such as Ritalin and Norco, to her. In addition, I obtained multiple prescriptions indicating that Respondent authorized multiple Controlled Substances to patient M.H.

3.     I also obtained copies of various Rockford Police Department reports and learned that between 2009 and 2013, the Rockford Police Department was contacted on numerous occasions by patients and/or several senior residential facilities' administrators regarding Respondent's inappropriate sexual conduct with elderly

1


EXHIBIT
B

patients of his home care practice as well as inappropriate comments to several female patients and/or caregivers while Respondent was conducting home care visits and/or seeing patients.

4.     I along with ISP Special Agent Alejandro interviewed several healthcare providers in the Rockford area who all expressed concern regarding Respondent's inappropriate conduct with female patients.

5.     I also interviewed patient S.P. who confirmed that in 2011 she was sexually assaulted by Respondent during a home care visit.

6.     I also interviewed V.R., an individual who indicated that she obtained prescriptions from Respondent for Vicodin, a Schedule III Controlled Substance, even though she was not Respondent's patient. I reviewed the Illinois Prescription Monitoring Program which indicated that between April and September 2013, Respondent issued multiple prescriptions for Vicodin for V.R., totaling over 1000 tablets. On January 14, 2014, I along with SA Alejandro interviewed Respondent who admitted to authorizing a prescription for Vicodin with two refills for V.R. without establishing physician-patient relationship.

7.     Finally, I was present on January 14, 2014, when Respondent was arrested for an outstanding warrant issued on September 10, 2013, for contempt of court for failing to pay court-ordered fees and/or fines arising out of Respondent's arrest for driving on suspended/revoked license.

2

Joseph M. Jones
Affiant

Subscribed and sworn to before me
this 16th day of January 2014.

NOTARY PUBLIC

OFFICIAL SEAL
KATHLEEN M WALSH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/06/17