Exhibit B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

SUSAN BEESELY,                                          )
      Plaintiff,                                       )
                            )
                            )
     v.                                                    )
                            )
CHARLES DEHAAN, CHARLES DEHAAN                          )
individually and as an agent and employee of           )
HOUSECALL PHYSICIANS GROUP OF                           )
ROCKFORD, S.C., HOUSECALL PHYSICIANS                    )
GROUP OF ROCKFORD, S.C., CHARLES                        )
DEHAAN individually and as an agent and                )   No: 2014 L 008363
employee of CONVERGE HOME HEALTH                        )
CARE LLC, CONVERGE HOME HEALTH                          )
CARE LLC, CHARLES DEHAAN individually                   )
and as an agent and employee of HOUSECALL              )
PHYSICIANS OF ILLINOIS, S.C., HOUSECALL                )
PHYSICIANS OF ILLINOIS, S.C., CHARLES                  )
DEHAAN individually and as an agent of                 )
MD@HOME MANAGEMENT, LLC,                                )
MD@HOME MANAGEMENT, LLC.                                )
      Defendants.                                      )

## FIFTH AMENDED COMPLAINT

    **NOW COMES** Plaintiff, SUSAN BEESELY, by and through her attorneys, THE LAW OFFICES OF MICHAEL J. GRAVLIN, LLC., and complaining against the Defendants, CHARLES DEHAAN, CHARLES DEHAAN individually and as an agent and employee of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C., HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C., CHARLES DEHAAN individually and as an agent and employee of CONVERGE HOME HEALTH CARE LLC, CONVERGE HOME HEALTH CARE LLC, CHARLES DEHAAN individually and as an agent and employee of HOUSECALL PHYSICIANS OF ILLINOIS, S.C., HOUSECALL PHYSICIANS OF ILLINOIS, S.C., CHARLES DEHAAN individually and as an agent and employee of MD@HOME MANAGEMENT, LLC, MD@HOME MANAGEMENT, LLC, and states as follows:

1

## COUNT I ASSAULT/BATTERY CHARLES DEHAAN INDIVIDUALLY

1. That from on or about March of 2013 to on or about September of 2013, at or about 2408 Belden Street, Rockford, Illinois, Plaintiff, SUSAN BEESELY was a medical patient at 2408 Belden Street, Rockford, Illinois.

2. That at all relevant times Defendant, CHARLES DEHAAN was a licensed medical doctor.

3. That at all relevant times Defendant, CHARLES DEHAAN was employed as a medical doctor.

4. That at all relevant times Defendant, CHARLES DEHAAN saw the Plaintiff, SUSAN BEESELY, in the course of his employment as a licensed medical doctor.

5. That at all relevant times Defendant, CHARLES DEHAAN sexually assaulted the Plaintiff SUSAN BEESELY in the following ways:

   a. Unwanted and non-consensual touching of her breasts;

   b. Unwanted and non-consensual touching of her shoulders; and

   c. Unwanted and non-consensual touching of her inner-thighs.

6. That at all relevant times Defendant, CHARLES DEHAAN saw the Plaintiff, SUSAN BEESELY, under the guise of treating certain medical conditions.

7. That at all relevant times Defendant, CHARLES DEHAAN's sexual assault of Plaintiff SUSAN BEESELY was an intentional and willful touching of the Plaintiff SUSAN BEESELY.

8. That at all relevant times Plaintiff SUSAN BEESELY did not consent to the intentional and willful touching by the Defendant, CHARLES DEHAAN.

9. That at all relevant times Defendant, CHARLES DEHAAN was both providing medical

2

treatment and sexually assaulting the Plaintiff, SUSAN BEESELY.

10. That at all relevant times Defendant, CHARLES DEHAAN used his position of power as a licensed medical doctor and the person in control of her physical well-being, over the Plaintiff, SUSAN BEESELY to sexually assault her.

11. That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN individually in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

## COUNT II ASSAULT/BATTERY CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

12. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

13. That at all relevant times CHARLES DEHAAN was employed by and acting in the scope of his employment of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

14. That at all relevant times Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. directly supervised and controlled Defendant, CHARLES DEHAAN.

15. That at all relevant times HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

3

was a corporation organized under the law of the State of Illinois.

16. That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

## COUNT III ASSAULT/BATTERY CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF CONVERGE HOME HEALTH CARE LLC

17. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

18. That at all relevant times CHARLES DEHAAN was employed by and acting in the scope of his employment of CONVERGE HOME HEALTH CARE LLC.

19. That at all relevant times Defendant, CONVERGE HOME HEALTH CARE LLC; directly supervised and controlled Defendant, CHARLES DEHAAN.

20. That at all relevant times CONVERGE HOME HEALTH CARE LLC was a corporation organized under the law of the State of Illinois.

21. That as a direct and proximate result of the sexual assault committed by Defendant,

4

CHARLES DEHAAN as an agent and employee of CONVERGE HOME HEALTH CARE LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of CONVERGE HOME HEALTH CARE LLC in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

### COUNT IV ASSAULT/BATTERY CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS OF ILLINOIS, S.C.

22. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

23. That at all relevant times CHARLES DEHAAN was employed by and acting in the scope of his employment of HOUSECALL PHYSICIANS OF ILLINOIS, S.C.

24. That at all relevant times Defendant, HOUSECALL PHYSICIANS OF ILLINOIS, S.C., directly supervised and controlled Defendant, CHARLES DEHAAN.

25. That at all relevant times HOUSECALL PHYSICIANS OF ILLINOIS, S.C. was a corporation organized under the law of the State of Illinois.

26. That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS OF ILLINOIS, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her

5

body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS OF ILLINOIS, S.C. in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

### COUNT V ASSAULT/BATTERY CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF MD@HOME MANAGEMENT, LLC

27. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

28. That at all relevant times CHARLES DEHAAN was employed by and acting in the scope of his employment of MD@HOME MANAGEMENT, LLC.

29. That at all relevant times Defendant, MD@HOME MANAGEMENT, LLC, directly supervised and controlled Defendant, CHARLES DEHAAN.

30. That at all relevant times MD@HOME MANAGEMENT, LLC was a corporation organized under the law of the State of Illinois.

31. That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN as an agent and employee of MD@HOME MANAGEMENT, LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great

6

pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of MD@HOME MANAGEMENT, LLC in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

<u>**COUNT VI NEGLIGENT HIRING OF CHARLES DEHAAN BY HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.**</u>

32. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

33. That at the time of Defendant CHARLES DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

   a. Committing acts of sexual assault against patients;

   b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

   c. Using patients for sexual gratification;

   d. Engaging in unwanted sexually suggestive conversations with patients;

   e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

   f. Placing patients in non-consensual and unwanted sexual situations.

34. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have

known Defendant CHARLES DEHAAN had a particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

    a. Make a reasonable, good faith effort to conduct employment background checks of Defendant CHARLES DEHAAN before employment was offered;

    b. Conduct criminal background checks or perform any other due diligence to ensure that Defendant CHARLES DEHAAN was fit to conduct private physical examinations within the private confines of a patient without harming the patient or otherwise subjecting said patient to harmful and offensive bodily contact of a sexual nature before employment was offered;

    c. Monitor the historical progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints before employment was offered;

    d. Conduct psychological, drug, and alcohol testing of Defendant CHARLES DEHAAN before employment was offered;

    e. Investigate previous criminal proceedings, adverse employment actions, and reasons for leaving former employers of Defendant CHARLES DEHAAN who would be treating patients in their homes, before employment was offered; and

    f. Evaluate whether Defendant CHARLES DEHAAN was a safe and suitable physician to make house calls to patients.

35. That at all relevant times Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

8

36. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

37. That as a direct and proximate result of the negligent hiring of the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

### COUNT VII NEGLIGENT RETENTION OF CHARLES DEHAAN BY HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

38. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

39. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position including:

    a.  Committing acts of sexual assault against patients;

    b.  Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

9

c. Using patients for sexual gratification;

d. Engaging in unwanted sexually suggestive conversations with patients;

e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

f. Placing patients in non-consensual and unwanted sexual situations.

40. That at the time of Defendant CHARLES DEHAAN's retention; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

a. Carefully monitor the progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints;

b. Conduct internal staff meetings to familiarize management with typical warning signs of aberrant behavior demonstrated by Defendant CHARLES DEHAAN;

c. Cease sending Defendant CHARLES DEHAAN to treat patients medically after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

d. Conduct psychological, drug, and alcohol testing, with on-going counseling and follow-up reports for Defendant CHARLES DEHAAN;

e. Terminate Defendant CHARLES DEHAAN after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

f. Develop disciplinary policies and procedures regarding the sexual assault of patients, including how to document complaints, and make sure supervisors are well versed in the policies and procedures established;

10

g. Mandate Defendant CHARLES DEHAAN read and understood disciplinary policies and procedures regarding the sexual assault of patients;

h. Enforce policies and procedures including disciplinary actions concerning the actions of Defendant CHARLES DEHAAN;

i. Conduct ongoing reference, criminal background, and driving record checks of the Defendant CHARLES DEHAAN;

j. Investigate all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

k. Document all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

l. Properly and thoroughly investigate its employees and/or agents who would be making housecalls to patients, including Defendant CHARLES DEHAAN;

m. Determine whether the employee and/or agent was a safe and suitable physician to make housecalls to patients, including Defendant CHARLES DEHAAN;

n. Cease to employ Defendant CHARLES DEHAAN as an employee and/or agent and hold out Defendant CHARLES DEHAAN as an employee and/or agent after proper investigation into the Defendant CHARLES DEHAAN would have revealed he posed a significant risk of committing sexual assault;

o. Investigate complaints of sexual abuse against Defendant CHARLES DEHAAN from patients receiving treatment while Defendant CHARLES DEHAAN was not working for this employer.

p. Contact patients to see if treatment performed by Defendant CHARLES DEHAN was appropriate or if any sexual abuse or any improper contact was occurring;

11

q. Oversee the dispensing of medication and painkillers by Defendant CHARLES DEHAAN;

r. Contact employees to determine if Defendant CHARLES DEHAAN was sexually abusing or touching patients inappropriately sexually;

s. Contact residential living facilities to see if sexual abuse or inappropriate sexual touching was occurring between Defendant CHARLES DEHAAN and patients; and

t. Adequately supervise the ongoing employment of Defendant CHARLES DEHAAN and his interaction with patients which allowed Defendant CHARLES DEHAAN to continue to be alone with patients after reports of sexual abuse became known.

41. That at all relevant times Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

42. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

43. That as a direct and proximate result of the negligent retention of the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great

sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

**COUNT VIII NEGLIGENT HIRING OF CHARLES DEHAAN BY CONVERGE HOME HEALTH CARE LLC**

44. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

45. That at the time of Defendant CHARLES DEHAAN's hiring; Defendant CONVERGE HEALTH CARE LLC knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

  a. Committing acts of sexual assault against patients;

  b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

  c. Using patients for sexual gratification;

  d. Engaging in unwanted sexually suggestive conversations with patients;

  e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

  f. Placing patients in non-consensual and unwanted sexual situations.

46. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring; Defendant CONVERGE HEALTH CARE LLC knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

13

a. Make a reasonable, good faith effort to conduct employment background checks of Defendant CHARLES DEHAAN before employment was offered;

b. Conduct criminal background checks or perform any other due diligence to ensure that Defendant CHARLES DEHAAN was fit to conduct private physical examinations within the private confines of a patient without harming the patient or otherwise subjecting said patient to harmful and offensive bodily contact of a sexual nature before employment was offered;

c. Monitor the historical progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints before employment was offered;

d. Conduct psychological, drug, and alcohol testing of Defendant CHARLES DEHAAN before employment was offered;

e. Investigate previous criminal proceedings, adverse employment actions, and reasons for leaving former employers of Defendant CHARLES DEHAAN who would be treating patients in their homes, before employment was offered; and

f. Evaluate whether Defendant CHARLES DEHAAN was a safe and suitable physician to make house calls to patients.

47. That at all relevant times Defendant CONVERGE HOME HEALTH CARE LLC knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

48. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

49. That as a direct and proximate result of the negligent hiring of the Defendant,

14

CONVERGE HOME HEALTH CARE LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CONVERGE HOME HEALTH CARE LLC in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

**COUNT IX NEGLIGENT RETENTION OF CHARLES DEHAAN**
**BY CONVERGE HOME HEALTH CARE LLC**

50. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

51. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring, Defendant CONVERGE HOME HEALTH CARE LLC knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position including:

   a. Committing acts of sexual assault against patients;

   b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

   c. Using patients for sexual gratification;

   d. Engaging in unwanted sexually suggestive conversations with patients;

   e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

   f. Placing patients in non-consensual and unwanted sexual situations.

15

52. That at the time of Defendant CHARLES DEHAAN's retention; Defendant CONVERGE HOME HEALTH CARE LLC knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

a. Carefully monitor the progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints;

b. Conduct internal staff meetings to familiarize management with typical warning signs of aberrant behavior demonstrated by Defendant CHARLES DEHAAN;

c. Cease sending Defendant CHARLES DEHAAN to treat patients medically after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

d. Conduct psychological, drug, and alcohol testing, with on-going counseling and follow-up reports for Defendant CHARLES DEHAAN;

e. Terminate Defendant CHARLES DEHAAN after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

f. Develop disciplinary policies and procedures regarding the sexual assault of patients, including how to document complaints, and make sure supervisors are well versed in the policies and procedures established;

g. Mandate Defendant CHARLES DEHAAN read and understood disciplinary policies and procedures regarding the sexual assault of patients;

h. Enforce policies and procedures including disciplinary actions concerning the actions of Defendant CHARLES DEHAAN;

i. Conduct ongoing reference, criminal background, and driving record checks of

16

the Defendant CHARLES DEHAAN;

j.   Investigate all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

k.   Document all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

l.   Properly and thoroughly investigate its employees and/or agents who would be making housecalls to patients, including Defendant CHARLES DEHAAN;

m.   Determine whether the employee and/or agent was a safe and suitable physician to make housecalls to patients, including Defendant CHARLES DEHAAN;

n.   Cease to employ Defendant CHARLES DEHAAN as an employee and/or agent and hold out Defendant CHARLES DEHAAN as an employee and/or agent after proper investigation into the Defendant CHARLES DEHAAN would have revealed he posed a significant risk of committing sexual assault;

o.   Investigate complaints of sexual abuse against Defendant CHARLES DEHAAN from patients receiving treatment while Defendant CHARLES DEHAAN was not working for this employer.

p.   Contact patients to see if treatment performed by Defendant CHARLES DEHAN was appropriate or if any sexual abuse or any improper contact was occurring;

q.   Oversee the dispensing of medication and painkillers by Defendant CHARLES DEHAAN;

r.   Contact employees to determine if Defendant CHARLES DEHAAN was sexually abusing or touching patients inappropriately sexually;

s.   Contact residential living facilities to see if sexual abuse or inappropriate sexual

17

touching was occurring between Defendant CHARLES DEHAAN and patients; and

    t. Adequately supervise the ongoing employment of Defendant CHARLES DEHAAN and interaction with his patients which allowed Defendant CHARLES DEHAAN to continue to be alone with patients after reports of sexual abuse became known.

53. That at all relevant times Defendant CONVERGE HOME HEALTH CARE LLC knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

54. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

55. That as a direct and proximate result of the negligent retention of the Defendant, CONVERGE HOME HEALTH CARE LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CONVERGE HOME HEALTH CARE in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

## COUNT X NEGLIGENT HIRING OF CHARLES DEHAAN BY HOUSECALL PHYSICIANS OF ILLINOIS, S.C.

56. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained

18

in Count I as if fully stated herein.

57. That at the time of Defendant CHARLES DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS OF ILLINOIS, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

    a. Committing acts of sexual assault against patients;

    b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

    c. Using patients for sexual gratification;

    d. Engaging in unwanted sexually suggestive conversations with patients;

    e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

    f. Placing patients in non-consensual and unwanted sexual situations.

58. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS OF ILLINOIS, S.C. knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

    a. Make a reasonable, good faith effort to conduct employment background checks of Defendant CHARLES DEHAAN before employment was offered;

    b. Conduct criminal background checks or perform any other due diligence to ensure that Defendant CHARLES DEHAAN was fit to conduct private physical examinations within the private confines of a patient without harming the patient or otherwise subjecting said patient to harmful and offensive bodily contact of a sexual nature before employment was offered;

19

   c. Monitor the historical progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints before employment was offered;

   d. Conduct psychological, drug, and alcohol testing of Defendant CHARLES DEHAAN before employment was offered;

   e. Investigate previous criminal proceedings, adverse employment actions, and reasons for leaving former employers of Defendant CHARLES DEHAAN who would be treating patients in their homes, before employment was offered; and

   f. Evaluate whether Defendant CHARLES DEHAAN was a safe and suitable physician to make house calls to patients.

59. That at all relevant times Defendant HOUSECALL PHYSICIANS OF ILLINOIS, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

60. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

61. That as a direct and proximate result of the negligent hiring of the Defendant, HOUSECALL PHYSICIANS OF ILLINOIS, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

20

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS OF ILLINOIS, S.C. in a sum in excess of the minimum jurisdictional limit plus the cost of this suit

<u>COUNT XI NEGLIGENT RETENTION OF CHARLES DEHAAN</u>
<u>BY HOUSECALL PHYSICIANS OF ILLINOIS, S.C.</u>

62. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

63. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring, Defendant HOUSECALL PHYSICIANS OF ILLINOIS, S.C. knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position including:

    a. Committing acts of sexual assault against patients;

    b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

    c. Using patients for sexual gratification;

    d. Engaging in unwanted sexually suggestive conversations with patients;

    e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

    f. Placing patients in non-consensual and unwanted sexual situations.

64. That at the time of Defendant CHARLES DEHAAN's retention, Defendant HOUSECALL PHYSICIANS OF ILLINOIS, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

    a. Carefully monitor the progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints;

21

b.  Conduct internal staff meetings to familiarize management with typical warning signs of aberrant behavior demonstrated by Defendant CHARLES DEHAAN;

c.  Cease sending Defendant CHARLES DEHAAN to treat patients medically after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

d.  Conduct psychological, drug, and alcohol testing, with on-going counseling and follow-up reports for Defendant CHARLES DEHAAN;

e.  Terminate Defendant CHARLES DEHAAN after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

f.  Develop disciplinary policies and procedures regarding the sexual assault of patients, including how to document complaints, and make sure supervisors are well versed in the policies and procedures established;

g.  Mandate Defendant CHARLES DEHAAN read and understood disciplinary policies and procedures regarding the sexual assault of patients;

h.  Enforce policies and procedures including disciplinary actions concerning the actions of Defendant CHARLES DEHAAN;

i.  Conduct ongoing reference, criminal background, and driving record checks of the Defendant CHARLES DEHAAN;

j.  Investigate all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

k.  Document all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

l.  Properly and thoroughly investigate its employees and/or agents who would be

22

making housecalls to patients, including Defendant CHARLES DEHAAN;

m. Determine whether the employee and/or agent was a safe and suitable physician to make housecalls to patients, including Defendant CHARLES DEHAAN;

n. Cease to employ Defendant CHARLES DEHAAN as an employee and/or agent and hold out Defendant CHARLES DEHAAN as an employee and/or agent after proper investigation into the Defendant CHARLES DEHAAN would have revealed he posed a significant risk of committing sexual assault;

o. Investigate complaints of sexual abuse against Defendant CHARLES DEHAAN from patients receiving treatment while Defendant CHARLES DEHAAN was not working for this employer.

p. Contact patients to see if treatment performed by Defendant CHARLES DEHAN was appropriate or if any sexual abuse or any improper contact was occurring;

q. Oversee the dispensing of medication and painkillers by Defendant CHARLES DEHAAN;

r. Contact employees to determine if Defendant CHARLES DEHAAN was sexually abusing or touching patients inappropriately sexually;

s. Contact residential living facilities to see if sexual abuse or inappropriate sexual touching was occurring between Defendant CHARLES DEHAAN and patients; and

t. Adequately supervise the ongoing employment of Defendant CHARLES DEHAAN and his interaction with patients which allowed Defendant CHARLES DEHAAN to continue to be alone with patients after reports of sexual abuse became known.

23

65. That at all relevant times Defendant HOUSECALL PHYSICIANS OF ILLINOIS, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

66. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

67. That as a direct and proximate result of the negligent retention of the Defendant, HOUSECALL PHYSICIANS OF ILLINOIS, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS OF ILLINOIS, S.C. in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

### COUNT XII NEGLIGENT HIRING OF CHARLES DEHAAN BY MD@HOME MANAGEMENT, LLC

68. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

69. That at the time of Defendant CHARLES DEHAAN's hiring; Defendant MD@HOME MANAGEMENT, LLC knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness including:

    a. Committing acts of sexual assault against patients;

24

b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

c. Using patients for sexual gratification;

d. Engaging in unwanted sexually suggestive conversations with patients;

e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

f. Placing patients in non-consensual and unwanted sexual situations.

70. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring, Defendant MD@HOME MANAGEMENT, LLC knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

a. Make a reasonable, good faith effort to conduct employment background checks of Defendant CHARLES DEHAAN before employment was offered;

b. Conduct criminal background checks or perform any other due diligence to ensure that Defendant CHARLES DEHAAN was fit to conduct private physical examinations within the private confines of a patient without harming the patient or otherwise subjecting said patient to harmful and offensive bodily contact of a sexual nature before employment was offered;

c. Monitor the historical progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints before employment was offered;

d. Conduct psychological, drug, and alcohol testing of Defendant CHARLES DEHAAN before employment was offered;

25

e. Investigate previous criminal proceedings, adverse employment actions, and reasons for leaving former employers of Defendant CHARLES DEHAAN who would be treating patients in their homes, before employment was offered; and

f. Evaluate whether Defendant CHARLES DEHAAN was a safe and suitable physician to make house calls to patients.

71. That at all relevant times Defendant MD@HOME MANAGEMENT, LLC knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

72. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

73. That as a direct and proximate result of the negligent hiring of the Defendant, MD@HOME MANAGEMENT, LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, MD@HOME MANAGEMENT, LLC in a sum in excess of the minimum jurisdictional limit plus the cost of this suit

## COUNT XIII NEGLIGENT RETENTION OF CHARLES DEHAAN
## BY MD@HOME MANAGEMENT, LLC

74. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

26

75. That at all relevant times thereafter Defendant CHARLES DEHAAN's hiring; Defendant MD@HOME MANAGEMENT, LLC knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position including:

   a. Committing acts of sexual assault against patients;

   b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

   c. Using patients for sexual gratification;

   d. Engaging in unwanted sexually suggestive conversations with patients;

   e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

   f. Placing patients in non-consensual and unwanted sexual situations.

76. That at the time of Defendant CHARLES DEHAAN's retention; Defendant MD@HOME MANAGEMENT, LLC knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position but in violation of their duty to Plaintiff SUSAN BEESELY failed to:

   a. Carefully monitor the progress of Defendant CHARLES DEHAAN who have been the subject of recent discipline or third party complaints;

   b. Conduct internal staff meetings to familiarize management with typical warning signs of aberrant behavior demonstrated by Defendant CHARLES DEHAAN;

   c. Cease sending Defendant CHARLES DEHAAN to treat patients medically after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

   d. Conduct psychological, drug, and alcohol testing, with on-going counseling and

follow-up reports for Defendant CHARLES DEHAAN;

e.   Terminate Defendant CHARLES DEHAAN after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

f.   Develop disciplinary policies and procedures regarding the sexual assault of patients, including how to document complaints, and make sure supervisors are well versed in the policies and procedures established;

g.   Mandate Defendant CHARLES DEHAAN read and understood disciplinary policies and procedures regarding the sexual assault of patients;

h.   Enforce policies and procedures including disciplinary actions concerning the actions of Defendant CHARLES DEHAAN;

i.   Conduct ongoing reference, criminal background, and driving record checks of the Defendant CHARLES DEHAAN;

j.   Investigate all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

k.   Document all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

l.   Properly and thoroughly investigate its employees and/or agents who would be making housecalls to patients, including Defendant CHARLES DEHAAN;

m.   Determine whether the employee and/or agent was a safe and suitable physician to make housecalls to patients, including Defendant CHARLES DEHAAN;

n.   Cease to employ Defendant CHARLES DEHAAN as an employee and/or agent and hold out Defendant CHARLES DEHAAN as an employee and/or agent after proper investigation into the Defendant CHARLES DEHAAN would have

28

revealed he posed a significant risk of committing sexual assault;

o. Investigate complaints of sexual abuse against Defendant CHARLES DEHAAN from patients receiving treatment while Defendant CHARLES DEHAAN was not working for this employer.

p. Contact patients to see if treatment performed by Defendant CHARLES DEHAN was appropriate or if any sexual abuse or any improper contact was occurring;

q. Oversee the dispensing of medication and painkillers by Defendant CHARLES DEHAAN;

r. Contact employees to determine if Defendant CHARLES DEHAAN was sexually abusing or touching patients inappropriately sexually;

s. Contact residential living facilities to see if sexual abuse or inappropriate sexual touching was occurring between Defendant CHARLES DEHAAN and patients; and

t. Adequately supervise the ongoing employment of Defendant CHARLES DEHAAN and his interaction with patients which allowed Defendant CHARLES DEHAAN to continue to be alone with patients after reports of sexual abuse became known.

77. That at all relevant times Defendant MD@HOME MANAGEMENT, LLC knew or should have known Defendant CHARLES DEHAAN's particular unfitness, created a danger of harm to third persons, including Plaintiff SUSAN BEESELY.

78. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, SUSAN BEESELY's injury.

79. That as a direct and proximate result of the negligent retention of the Defendant,

29

MD@HOME MANAGEMENT, LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, MD@HOME MANAGEMENT, LLC in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

### COUNT XIV FRAUD AND DECEIT—FRAUDULENT MISREPRESENTATION CHARLES DEHAAN INDIVIDUALLY

80. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

81. That at all relevant times Defendant CHARLES DEHAAN stated that he was a medical doctor and examining the Plaintiff, SUSAN BEESELY for the purpose of treating certain medical conditions.

82. That at all relevant times the statements contained in Paragraph 81 were false statements of material facts.

83. That at all relevant times Defendant CHARLES DEHAAN touched Plaintiff SUSAN BEESELY under the guise of providing medical treatment, but was in fact for non-consensual sexual gratification.

84. That at all relevant times the Defendant CHARLES DEHAAN knew the statements were false or believed the statements to be false or made the statements in reckless disregard of whether they were true or false.

30

85. That at all relevant times the Defendant CHARLES DEHAAN made the statements with the intent to induce the Plaintiff, SUSAN BEESELY to allow the Defendant CHARLES DEHAAN to sexually assault/abuse her.

86. That at all relevant times the Plaintiff, SUSAN BEESELY reasonably believed the Defendant CHARLES DEHAAN's statements contained in Paragraph 81 and believed Defendant CHARLES DEHAAN intended to treat her medical conditions contained in and acted in justified reliance on the truth of the statements.

87. That as a result of the Defendant CHARLES DEHAAN's statements and actions, the Defendant CHARLES DEHAAN was able to sexually assault/abuse Plaintiff, SUSAN BEESELY.

88. That the Plaintiff, SUSAN BEESELY further claims she sustained damages as a result of her reliance.

89. That as a direct and proximate result of the fraud and deceit—fraudulent misrepresentation of the Defendant, CHARLES DEHAAN; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN in a sum in excess of the minimum jurisdictional limit plus the cost of this suit.

## COUNT XV MEDICAL MALPRACTICE CHARLES DEHAAN INDIVIDUALLY

90. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

91. That at all relevant times, Defendant CHARLES DEHAAN stated that he was a medical doctor and examining the Plaintiff, SUSAN BEESELY for the purpose of treating certain medical conditions.

92. That at all relevant times Defendant CHARLES DEHAAN prescribed certain medications to Plaintiff SUSAN BEESELY in exchange for sex.

93. That at all relevant times Defendant CHARLES DEHAAN prescribed certain medications to Plaintiff SUSAN BEESELY for sexual favors and not for medical purposes.

94. That at all relevant times Defendant CHARLES DEHAAN did not dispense certain medications to Plaintiff SUSAN BEESELY for any medicinal purposes.

95. That as a direct and proximate result of the medical malpractice of the Defendant, CHARLES DEHAAN; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN in a sum in excess of the minimum jurisdictional

limit, damages for emotional distress, punitive damages, plus the cost of this suit plus attorney's

fees and costs related to bringing this action.

## COUNT XVII MEDICAL MALPRACTICE CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

96. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

97. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 91 through 94 contained in Count XV as if fully stated herein.

98. Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 13 through 15 contained in Count II as if fully stated herein.

99. That as a direct and proximate result of the medical malpractice of the Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians Group of Rockford, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians Group of Rockford, S.C. in a sum in excess of the minimum jurisdictional limit, damages for emotional distress, punitive damages, plus the cost of this suit plus attorney's fees and costs related to bringing this action.

33

## COUNT  MEDICAL MALPRACTICE CHARLES DEHAAN AS AN AGENT AND CONVERGE HOME HEALTHCARE, LLC

100.    Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

101.    Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 91 through 94 contained in Count XV as if fully stated herein.

102.    Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 18 through 20 contained in Count III as if fully stated herein.

103.    That as a direct and proximate result of the medical malpractice of the Defendant, CHARLES DEHAAN as an agent and employee of Converge Home Healthcare LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of Converge Home Healthcare, LLC in a sum in excess of the minimum jurisdictional limit, damages for emotional distress, punitive damages, plus the cost of this suit plus attorney's fees and costs related to bringing this action.

## COUNT  MEDICAL MALPRACTICE CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS OF ILLINOIS, S.C.

104.  Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

105.  Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 91 through 94 contained in Count XV as if fully stated herein.

106.  Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 23 through 25 contained in Count IV as if fully stated herein.

107.  That as a direct and proximate result of the medical malpractice of the Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians of Illinois, S.C.; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians of Illinois, S.C. in a sum in excess of the minimum jurisdictional limit, damages for emotional distress, punitive damages, plus the cost of this suit plus attorney's fees and costs related to bringing this action.

35

### COUNT  MEDICAL MALPRACTICE CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF MD@HOME MANAGEMENT, LLC

108.     Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

109.     Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 91 through 94 contained in Count XV as if fully stated herein.

110.     Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 28 through 30 contained in Count V as if fully stated herein.

111.     That as a direct and proximate result of the medical malpractice of the Defendant, CHARLES DEHAAN as an agent and employee of MD@Home Management, LLC; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as agent and employee of MD@Home Management, LLC in a sum in excess of the minimum jurisdictional limit, damages for emotional distress, punitive damages, plus the cost of this suit plus attorney's fees and costs related to bringing this action.

### COUNT GENDER-RELATED VIOLENCE—CHARLES DEHAAN INDIVIDUALLY

112.     Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10

36

contained in Count I as if fully stated herein.

113.     That the allegations contained in Paragraphs 1 through 10 contained in Count I were acts of violence or physical aggression satisfying the elements of battery that were committed, at least in part, on the basis of SUSAN BEESELY's sex in violation of 740 ILCS 82/5, The Illinois Gender Violence Act.

114.     That the allegations contained in Paragraphs 1 through 10 contained in Count I was a physical intrusion or physical invasion of a sexual nature by Defendant CHARLES DEHAAN under coercive conditions against Plaintiff SUSAN BEESELY in violation of 740 ILCS 82/5, The Illinois Gender Violence Act.

115.     That the allegations contained in Paragraphs 1 through 10 contained in Count I caused a realistic apprehension that Defendant, CHARLES DEHAAN would commit that act on Plaintiff, SUSAN BEESELY in violation of 740 ILCS 82/5, The Illinois Gender Violence Act.

116.     That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN; the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the future will be caused to endure great pain and suffering; that the Plaintiff SUSAN BEESELY has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN in a sum in excess of the minimum jurisdictional

37

limit, damages for emotional distress, punitive damages, plus the cost of this suit plus attorney's fees and costs related to bringing this action.

## COUNT XV INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117.    Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

118.    Plaintiff, SUSAN BEESELY, re-states and re-alleges Paragraphs 91 through 94 contained in Count XV as if fully stated herein.

119.    The conduct alleged in Paragraphs 1 through 10 contained in Count I and Paragraphs 91 through 94 contained in Count XV was extreme and outrageous.

120.    That the Defendant CHARLES DEHAAN intended to cause or recklessly or consciously disregarded the probability of causing emotional distress on the part of the Plaintiff SUSAN BEESELY as a result of the conduct alleged in Paragraphs 1 through 10 contained in Count I and Paragraphs 91 through 94 contained in Count XV of the Defendant CHARLES DEHAAN.

121.    That the Plaintiff, SUSAN BEESELY suffered severe and emotional distress as a result of the Defendant CHARLES DEHAAN's conduct alleged in Paragraphs 1 through 10 in Count I and Paragraphs 91 through 94 contained in Count XV.

122.    That as a direct and proximate result of the conduct alleged in Paragraphs 1 through 10 of Count I and Paragraphs 91 through 94 contained in Count XV on the part of the Defendant CHARLES DEHAAN the Plaintiff SUSAN BEESELY suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff SUSAN BEESELY has and in the

future will be caused to endure great pain and suffering; that the Plaintiff SUSAN

BEESELY has and in the future will be caused to expend great sums of money

endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, SUSAN BEESELY prays for an entry of Judgment in her favor and

against the Defendant, CHARLES DEHAAN in a sum in excess of the minimum jurisdictional

limit, damages for emotional distress, punitive damages, plus the cost of this suit plus attorney's

fees and costs related to bringing this action.

MICHAEL J. GRAVLIN
Attorney for Plaintiff

LAW OFFICES OF
MICHAEL J. GRAVLIN, LLC.
134 N. LASALLE STREET, SUITE 2020
CHICAGO, IL 60602
(312) 201-9961
Attorney NO: 42760

39