IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO.: 1:16-cv-02580 |
| HOUSECALL PHYSICIANS OF ILLINOIS, S.C. D/B/A MD@HOME; CHARLES DEHAAN; THELMA YOUNG; RAQUEL BROWN; JUDITH KOHL; DEBORAH CURTIS; GERTRUDE GLASPIE; DEBRA LINGELBACH; BRENDA NELSON; and SUSAN BEESELY, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

NOW COMES Plaintiff, ESSEX INSURANCE COMPANY ("Essex"), by and through its attorneys, and hereby submits this Initial Status Report pursuant to the Clerk of this Court's Minute Entry of February 26, 2016. Plaintiff has requested a Waiver of the Service of Summons as to all parties. Defendants Susan Beesely, Raquel Brown, Deborah Curtis, Judith Kohl, Thelma Young, Debra Lingelbach, Gertrude Glaspie, Brenda Nelson (hereinafter "Underlying Lawsuit Plaintiffs") have waived serv ice of summons. The Underlying Lawsuit Plaintiffs filed their appearance on April 18, and will answer the complaint by May 13, 2016. Defendant Housecall Physicians of Illinois has been served but has not appeared or served a responsive pleading. Charles Dehaan has been served but has not appeared or served a responsive pleading. Plaintiff has been unable to initiate a planning conference with all Defendants and submits this Initial Status Report with respect to the Underlying Lawsuit Plaintiffs and itself.

**Nature of the Case**

    A.    **Identify the attorneys of record for each party, including the lead trial attorney.**

        1.    For Plaintiff, Essex Insurance Company: Steven D. Pearson (lead), spearson@cozen.com, David L. Sanders, dsanders@cozen.com, Cozen O'Connor, 123 North Wacker Drive, Suite 1800, Chicago, Illinois 60606,.

        2.    For Underlying Lawsuit Plaintiffs, Michael J. Gravlin (lead), jgravlin@gravlinlaw.com, Jakub Banaszak (lead), jbanaszak@gravlinlaw.com, 134 N. LaSalle St., Suite 2020, Chicago, Illinois 60602.

        3.    For Defendant Charles DeHaan, TBD.

        4.    For Defendant Housecall Physicians of Illinois, S.C., TBD.

    B.    **Identify the parties that have not yet been served.**

        1.    All parties have been served.

    C.    **State the basis for federal jurisdiction.**

        1.    Jurisdiction is proper under 28 U.S.C. §1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Essex is a Delaware corporation with its principal place of business in Glen Allen, Virginia. Charles Dehaan is a resident and citizen of Illinois. Housecall Physicians of Illinois, S.C. d/b/a MD@Home, is an Illinois Service Corporation with its principal place of business in Chicago, Illinois. Housecall Physicians of Illinois, S.C. d/b/a MD@Home, is a citizen of Illinois. Thelma Young is a resident and citizen of Illinois. Raquel Brown is a resident and citizen of Illinois. Judith Kohl, is a resident and citizen of Illinois. Deborah Curtis is a resident and citizen of Illinois. Gertrude Glaspie is a resident and citizen of Illinois. Debra Lingelbach is a resident and citizen of Illinois. Brenda Nelson is a resident and citizen of Illinois. Susan Beesely is a resident and citizen of Illinois. Jurisdiction is also proper under 28 USC §2201(a) because a case of actual controversy exists in connection with the parties' rights and obligations under a certain insurance policy issued by Essex to Housecall Physicians of Illinois, S.C d/b/a MD@Home and this Court has jurisdiction to declare the rights and legal obligations of any interested party seeking relief.

    D.    **Describe the nature of the claims asserted in the Complaint.**

        1.    Plaintiff alleges five causes of action against Defendants. Count I alleges that the Underlying Lawsuits are not a Claim first made during the Essex

>Policy period, which incepted on May 1, 2015. Count II alleges, in the alternative, that there is no coverage for the 2014 lawsuits. Count III alleges that Charles Dehaan was not an insured of Essex. Count IV alleges that the Essex Policy does not provide coverage for any Claim, when prior to the May 1, 2015, the Insured was aware of a circumstance, situation or incident which may lead a reasonable person in that Insured's position to conclude that a Claim was likely. Essex alleges that prior to the effective date of the Essex Policy, Housecall Physicians of Illinois, S.C. d/b/a MD@Home knew of: (1) the 2014 suspension of Charles Dehaan's license to practice medicine in the State of Illinois; and (2) multiple reports, criminal charges and at least six civil lawsuits involving allegations that Charles Dehaan perpetrated acts of sexual assault upon patients he had treated while on contract with Housecall Physicians of Illinois, S.C. d/b/a MD@Home. Count V alleges that the Insured knew of: (1) the emergency suspension of Charles Dehaan's license to practice medicine in the State of Illinois; and (2) multiple acts of Malpractice, Professional Personal Injury and/or Sexual Injury committed by Charles Dehaan, criminal charges and at least six civil lawsuits involving allegations that Dehaan perpetrated acts of sexual battery upon numerous patients he had treated while on contract with Housecall Physicians of Illinois, S.C. d/b/a MD@Home. Essex alleges that Housecall Physicians of Illinois, S.C. d/b/a MD@Home was required to disclose this information, but instead concealed the true facts from Essex concerning Charles Dehaan. Essex further alleges that this information, if known, would have resulted in the Essex Policy either not being issued or the inclusion of a policy exclusion specifically barring coverage for any Claims involving Charles Dehaan.

E. **Describe the Relief Sought.**

1. Essex requests an Order of this Court finding and declaring: (1) Essex has no duty to defend either Charles Dehaan or Housecall Physicians of Illinois, S.C. d/b/a MD@Home under Policy MM 825507 in the Underlying Lawsuits; (2) Essex has no duty to indemnify either Charles Dehaan or Housecall Physicians of Illinois, S.C. d/b/a MD@Home under Policy MM 825507 in connection with the Underlying Lawsuits; and (3) for such other and further relief as this Court deems just and appropriate.

F. **Describe the major legal and factual issues in the case.**

1. There is a dispute as to coverage under the Policy for the allegations against Charles Dehaan and Housecall Physicians of Illinois, S.C. d/b/a MD@Home under Policy MM 825507 in the Underlying Lawsuits. There is also a legal dispute as to rescission under the Policy due to alleged false statements of fact by the Insured as well as failures to disclose material facts during the application for coverage under Policy MM 825507.

**Case Plan**

A. **Pending motions.**

    1. No motions are currently pending before the Court.

B. **State whether any defendant anticipates responding to the complaint by means of motion.**

    1. Plaintiff is not aware as to whether Defendants intend to answer or respond by motion to Plaintiff's Complaint. The Underlying Lawsuit Plaintiffs do not anticipate responding by motion, but will instead file an Answer to the Complaint.

C. **Proposed Discovery Plan**

    1. As only the Underlying Lawsuit Plaintiffs have appeared, Plaintiff cannot submit an agreed-upon proposed plan for conducting discovery. However, for Plaintiff's part, Plaintiff intends to seek discovery from Defendants concerning the allegations in the underlying lawsuits and the Insureds knowledge of those allegations prior to the Essex Policy period. The Underlying Lawsuit Plaintiffs intend to seek discovery concerning details of the insurance policy in question and Plaintiff's knowledge of the claims in their Complaint. It is requested that Rule 26(a)(1) disclosures be made within 30 days of the date upon which the parties are at issue on the pleadings. It is proposed that written discovery be issued within 60 days after the parties are at issue on the pleadings. It is requested that fact discovery be completed within 120 days after the parties are at issue on the pleadings. No protective orders are anticipated and it is unlikely that any expert discovery will be needed. The dispositive motion deadline is requested within 150 days after the parties are at issue on the pleadings. The Underlying Lawsuit Plaintiffs agree to the proposed timeline for disclosures and written discovery.

    2. Plaintiff and the Underlying Lawsuit Plaintiffs anticipate the filing of a joint plan in full compliance with the Court's case management procedures following appearance of the other defendants.

D. **Trial**

    1. Plaintiff has made a jury demand and anticipates that trial will take no more than five days. The Underlying Lawsuit Plaintiffs agree with this characterization of the case.

**Settlement**

A. **Whether settlement discussions have occurred**

    1. Settlement discussions with Defendants have not taken place.

B.     **Whether the parties believe that a settlement conference would be productive.**

    1.     Plaintiff is open to participating in a settlement conference following the appearance of Defendants but cannot comment at this time as to whether any such conference would be productive. The Underlying Lawsuit Plaintiffs are also open to participating in a settlement conference, however believe that a settlement is probably not likely in this sort of case.

**Consent to Proceed Before a Magistrate Judge**

Presently, there is no consent to proceed before a Magistrate Judge.

DATED this 21st day of April, 2016.

                      Respectfully submitted,

                      COZEN O'CONNOR

                      /s/ Steven D. Pearson
                      One of the Attorneys for Plaintiff,
                      ESSEX INSURANCE COMPANY

                      THE LAW OFFICES OF MICHAEL J. GRAVLIN, LLC

                      /s/ Jakub Banaszak
                      One of the Attorneys for the Underlying Lawsuit Plaintiffs

Steven D. Pearson
David L. Sanders
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900
(312) 474-7898 (fax)

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 21, 2016, he caused to be electronically filed a true and correct copy of the foregoing Plaintiff's Corporate Disclosure Statement with the Clerk of the Court and served using the Court's CM/ECF system.

>Michael J. Gravlin
>Jakub Banaszak
>134 N. LaSalle Street, Suite 2020
>Chicago, IL 60602


>*/s/ Steven D. Pearson*

LEGAL\24436534\1