IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 1:16-cv-02580 |
| | ) | |
| HOUSECALL PHYSICIANS OF | ) | |
| ILLINOIS, S.C. D/B/A MD@HOME; | ) | |
| CHARLES DEHAAN; THELMA YOUNG; | ) | |
| RAQUEL BROWN; JUDITH KOHL; | ) | |
| DEBORAH CURTIS; GERTRUDE | ) | |
| GLASPIE; DEBRA LINGELBACH; | ) | |
| BRENDA NELSON; and SUSAN | ) | |
| BEESELY, | ) | |
| | ) | |
| Defendants. | ) | |

**ESSEX INSURANCE COMPANY'S RESPONSE MEMORANDUM IN OPPOSITION TO HOUSECALL PHYSICIANS'S MOTION TO COMPEL**

Plaintiff, Essex Insurance Company ("Essex"), states as follows for its response memorandum in opposition to Housecall Physicians of Illinois, S.C. d/b/a MD@Home's ("Housecall Physicians") Motion to Compel [Dkt. #46] which Housecall Physicians adopted as a Federal Rule of Civil Procedure 56(d) Motion in Court on February 16, 2017:

**I.   PREFATORY STATEMENT**

Housecall Physicians filed a Motion to Compel asking this Court to Order Essex to produce every piece of paper relating to the underwriting of the Policy of insurance that Essex issued to Housecall Physicians and every piece of paper relating to the Claims at issue in this lawsuit as well as to answer interrogatories to identify the Policy's underwriters and every person involved in the denial of coverage. Not only is this broad-sweeping punitive approach to discovery impermissible at any time in this case in which Housecall Physicians did not allege any affirmative defenses or counterclaims, it is even more inappropriate in the face of Essex's

Motion for Summary Judgment based solely on the Policy of insurance and underlying complaints for which coverage is sought and the admissions in Housecall Physicians' own discovery responses in this case.

As demonstrated below, Housecall Physicians' interrogatories and production requests served on Essex seek information not reasonably related to any claim or defense in this lawsuit and therefore not reasonably calculated to lead to the discovery of information that might be admissible at trial. More to the point, none of this information relates to Essex's presently pending Motion for Summary Judgment. As a result, Housecall Physicians' Motion to Compel should be denied both outright and as adopted as Housecall Physicians' Rule 56(d) Motion.

**II.    RELEVANT PROCEDURAL HISTORY**

    **A.    <u>Essex's Complaint for Declaratory Relief</u>**

Essex filed this lawsuit on February 25, 2016, seeking a judicial declaration that the policy of claims made Locum Tenens and Contract Staffing Insurance Policy, Policy Number MM825507 for the period of May 1, 2015 to May 1, 2016 (the "Essex Policy") does not provide coverage to Housecall Physicians for a series of lawsuits filed in 2014 before the Essex Policy incepted (the "2014 Lawsuits"), and additional lawsuits filed in 2015 during the Essex Policy Period (the "2015 Lawsuits"), all arising out of a continuing pattern of sexual abuse by Charles Dehaan, at one time a medical doctor allegedly working for Housecall Physicians.[1] [Dkt. #1] Specifically, Essex contends, *inter alia,* that none of these Claims trigger its Policy's insuring agreement because: (1) before the Essex Policy incepted, Housecall Physicians knew of facts ". . . which may lead a reasonable person in that Insured's position to conclude that a Claim was likely;" and, (2) the Policy provides that ". . . [m]ore than one Claim arising out of a . . . series of

---

[1]    Housecall Physicians answered interrogatories indicating its agreement that the 2014 Lawsuits are not within the Policy's coverage yet it has never withdrawn its tender of those Claims.

related . . . Professional Personal Injuries shall be considered a single Claim . . . deemed to be first made on the date on which the earliest Claim arising out of . . . a series of related . . . Professional Personal Injury is made . . ." such that the 2015 Lawsuits are "deemed to be first made" on the date the first Claim is made and, as that took place in 2014, the Essex Policy does not provide coverage for the 2014 Lawsuits or the 2015 Lawsuits. *Id.*

### B.  Housecall Physicians Answer

Housecall Physicians filed an Answer in which it admitted that Essex issued the policy of insurance attached and which admitted the complaints in the underlying lawsuits but denied that it knew of facts ". . . which may lead a reasonable person in that Insured's position to conclude that a Claim was likely" and further denied that the 2014 Lawsuits and the 2015 Lawsuits are a "series of related" Claims. [Dkt. #21]. Housecall Physicians did not allege any affirmative defenses nor did it file any counterclaims. *Id.*

### C.  Housecall Physicians' Discovery Requests and Essex's Objections

In late 2016, Housecall Physicians served Essex with production requests which Housecall Physicians characterizes in its Motion to Compel as seeking ". . . all documents, including communications, underwriting information, and insurance applications, relating to Housecall, the Policy, etc." concerning the underwriting of the Policy and the handling of the claim. [Dkt. #46] Housecall Physicians also seeks to compel Essex to answer interrogatories that go ". . . to the identity of the individual with knowledge of the Policy and the application therefor . . ." [Dkt. #46]

### D.  Essex's Objections to Housecall Physicians' Discovery

Essex objected to the documents and information sought because Housecall Physicians sought: (1) information not reasonably related to any claim or defense in this lawsuit and therefore not reasonably calculated to lead to the discovery of information that might be

admissible at trial; (2) documents in Housecall's possession; and, (3) information subject to the attorney-client privilege and/or work product doctrine. A copy of Essex's interrogatory answers and production responses are attached as **Exhibit A** and **Exhibit B**, respectively.

### E. Essex's Motion for Summary Judgment

On February 13, 2017, Essex filed its Motion for Summary Judgment based upon its Policy, the complaints in the 2014 Lawsuits and the 2015 Lawsuits and the admissions in Housecall Physicians' own discovery responses in this case. [Dkt. # 51] Specifically, *inter alia,* the virtually identical complaints in the 2014 Lawsuits and the discovery responses that two (2) of those plaintiffs served on Housecall Physicians before the Essex Policy incepted, all provide Housecall Physicians with actual prior knowledge that "may lead a reasonable person in that insured's position to conclude that a Claim was likely" such that the Essex Policy's insuring agreements are not triggered for the 2015 Lawsuits filed during the Essex Policy. *Id.*

To be sure, Housecall Physicians admits in its sworn interrogatory answers in this case, that this very information provided it with knowledge of Dehaan's license to practice medicine had been suspended and that he had been charged with aggravated criminal sexual assault and aggravated criminal sexual abuse relating to incidents involving elderly patients and patients with physical and/or mental impairments. *See* December 16, 2016 email correspondence between Essex's counsel and Housecall Physicians' counsel attached as **Exhibit C**. Discovery in this case proved that two of the 2014 Lawsuit plaintiffs had served discovery responses on Housecall Physicians before the Essex Policy incepted which included police reports that identify 20-plus additional victims of Dehaan, one of whom filed suit against Housecall Physicians for which coverage is at issue herein, and the affidavits and pleadings that led to the January 2014 Illinois Department of Financial and Professional Regulations ("IDPR") termination of Dehaan's license to practice medicine as a result of his criminal sexual misconduct. *Id.*

### F. Housecall Physicians' Motion to Compel

Undeterred by Essex's Motion for Summary Judgment which uses Housecall Physicians' own sworn discovery responses to prove that its Answer is false, on February 16, 2017, Housecall Physician's counsel presented its Motion to Compel and adopted its Motion to Compel as a Federal Rule of Civil Procedure 56(d) Motion on the basis that it somehow needs the information and documents in Essex's claim and underwriting file and that it somehow needs to depose the underwriters and claims personnel in order to respond to Essex's Motion for Summary Judgment. As explained below, nothing could be further from the truth.

### III. ARGUMENT

#### A. Housecall Physicians' Motion to Compel Does Not Satisfy FRCP 56(d)

Federal Rule of Civil Procedure 56(d) states as follows:

> (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> 
>   (1) defer considering the motion or deny it;
> 
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
> 
>   (3) issue any other appropriate order.

Housecall Physicians made no effort to provide an affidavit, declaration or to explain its purported "need" for information as FRCP 56(d) requires. For that reason alone, the Motion to Compel, adopted as a Rule 56(d) Motion, should be denied.

Nor would Housecall Physicians' Motion pass muster on its merits under Rule 56(d). Indeed, Essex's Motion for Summary Judgment is based upon: (1) the Policy language and the underlying complaints, e.g., that the 2014 Lawsuits and the 2015 Lawsuits are "related" within the meaning of the Essex Policy such that they are considered a single claim "first made" in 2014 when the first underlying plaintiff sued Housecall Physicians; and, (2) Housecall Physicians' sworn discovery responses which prove that it had knowledge before the Essex Policy incepted

that "may lead a reasonable person in that insured's position to conclude that a Claim was likely." Thus, there is no information in Essex's underwriting or claim file that would yield information relating to Essex's Motion for Summary Judgment nor would depositions of any underwriters or claims personnel contain such information. Rather, Essex's Motion for Summary Judgment can and should be decided based upon the Policy, the underlying complaints and the admissions in Housecall Physicians' sworn interrogatory answers and production responses.

    **B.**    **The Information and Documents Sought Are Not Relevant to Any Claim or Defense in this Lawsuit, Nor Are They Relevant to Essex's Motion for Summary Judgment**

In its motion, Housecall Physicians argues that Essex should produce documents in response to Requests for Production Nos. 1-13, 17, and 20 because these documents relate " . . . to what and when information was conveyed to Essex regarding the proceedings against the doctor." [Dkt. #46, ¶10] What Essex knew is not relevant to any claim or defense in this lawsuit. In addition, Essex's Motion for Summary Judgment does not concern Essex's knowledge.

Rather, Essex's Motion for Summary Judgment is based upon what Housecall Physicians knew, e.g., that Housecall Physicians knew of facts ". . . which may lead a reasonable person in that Insured's position to conclude that a Claim was likely." The Policy plainly states there is no coverage for claims where the *insured* knew of facts ". . . which may lead a reasonable person in that Insured's position to conclude that a Claim was likely." Essex's knowledge of the 2014 Lawsuits does not change the Policy language which turns on what the *insured* knew.

For its next effort to obtain Essex's underwriting and claim files, Housecall Physicians broadly proclaims that "the relevance of Plaintiff's claims and underwriting file is confirmed by Plaintiff's Rule 26 disclosure – where it identifies the following documents it may use to support its claims or defenses: 'Claims and Underwriting File for Essex Policy No. MM825507.'" [Dkt. #46, ¶10] Essex admits that its Rule 26 disclosure states that "it may use" the claims and

underwriting file for the Policy to support its claims or defenses. The fact of the matter is that Housecall Physicians did not make any claims for which such documents might be relevant and Essex did not use any of the documents, other than the Policy and the complaints for which coverage is at issue, in this case. Just because Essex reserved the right early on in this case that it "**may** use" certain of those documents to support its claims or defenses does not mean that all of the documents within those files are reasonably related to any claim or defense in this lawsuit.

To the contrary, Essex's Motion for Summary Judgment is based upon its Policy, the complaints in the 2014 Lawsuits and the 2015 Lawsuits and the admissions in Housecall Physicians' own sworn discovery responses in this case. [Dkt. # 51] That Essex disclosed pursuant to Rule 26 that it "**may**" use the claim and underwriting files to support its claims or defenses in this case is clearly not a showing of relevance by any standard.

Housecall Physicians then argues that Essex's objection that the documents sought are already in Housecall Physicians' possession is not a valid objection, citing *Shott v. Rush Univ. Med. Ctr.*, No. 11 C 50253, 2015 WL 138098, at *3 (N.D. Ill. Jan. 7, 2015), *aff'd*, 652 F. App'x 455 (7th Cir. 2016), cert. denied, 137 S. Ct. 592 (2016). [Dkt. #46, ¶ 11] Housecall Physicians misstates the holding and import of that case. *Shott* addressed the requirement that each party disclose categories of documents that it may rely upon in the litigation, even if those documents are publicly available, so that discovery requests may be served. In *Shott,* plaintiff filed a motion for summary judgment after discovery closed based upon documents that were publicly available and not identified in her Rule 26 disclosures. The Court found that failure to disclose those categories of documents violated Rule 26 as "Shott ... attempt[s] to reserve to herself the right to litigate by surprise (that is, to litigate based on substantive evidence she never turned over to the other party) so long as that evidence existed someplace in the single largest repository of knowledge in human history: the internet." *Shott* does not stand for the principle cited.

Finally, Housecall Physicians asks for supplemental answers to Interrogatory Nos. 2, 4, 5, and 6 of its interrogatories "so that Housecall can determine which individual(s) it needs to depose." Problematic for Housecall Physicians is its complete failure to identify why it needs depositions and why, if it needed deposition testimony it did not serve interrogatories earlier in this litigation, serve a Rule 30(b)(6) deposition notice, or even a notice to depose the individual that verified Essex's interrogatories. Deposition testimony is neither relevant to this case nor timely sought.

It is difficult to conceive of deposition testimony relevant to any of Essex's coverage arguments as its Motion for Summary Judgment is based upon the Policy, the underlying complaints and Housecall Physicians' own sworn discovery responses. Housecall Physicians declined to file a Rule 56(d) motion and, instead, having already received Essex's Motion for Summary Judgment, adopted its Motion to Compel as its Rule 56(d) motion. There is absolutely no showing that deposition testimony from Essex would be even helpful let alone necessary.

Accordingly, Housecall Physician's Motion to Compel should be denied.

WHEREFORE, Essex asks the Court to deny Housecall Physician's Motion to Compel.

DATED this 2nd day of March, 2017.

Respectfully submitted,

COZEN O'CONNOR

/s/ Anne L. Blume
One of the Attorneys for Plaintiff,
ESSEX INSURANCE COMPANY

Anne L. Blume
David L. Sanders
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900
(312) 474-7898 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 2, 2017, he caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court and served upon all counsel of record using the Court's CM/ECF system.

/s/ David L. Sanders

LEGAL\29497306\1