IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 cv 2580 |
| | ) |
| HOUSECALL PHYSICIANS OF ILLINOIS, | ) |
| S.C. d/b/a MD@HOME, CHARLES DEHAAN, | ) |
| THELMA YOUNG, RAQUEL BROWN, | ) |
| JUDITH KOHL, DEBORAH CURTIS, | ) |
| GERTRUDE GLASPIE, DEBRA | ) |
| LINGELBACH, BRENDA NELSON and | ) |
| SUSAN BEESELY, | ) |
| | ) |
| Defendants. | ) |

**HOUSECALL'S REPLY IN SUPPORT OF
MOTION TO COMPEL PLAINTIFF'S DISCOVERY**

Defendant, Housecall Physicians of Illinois, S.C. ("Housecall"), by its attorneys, replies as follows in support of its motion to overrule Plaintiff's objections to Housecall's Rule 34 document requests and Rule 33 interrogatories by compelling production in compliance with the requests:

PROCEDURAL BACKGROUND

In October 2016, Housecall served interrogatories and document requests upon Plaintiff, requesting, *inter alia*, information and documents relating to Plaintiff's claims-made insurance policy ("Policy") and Housecall's application therefor. Rather than providing substantive responses, Plaintiff objected to nearly every request and produced <u>no</u> documents. (Plf.'s R. 26 Resp., ECF No. 46-2; Plf.'s R. 34 Ans., ECF No. 46-3). In accordance with the minute order dated January 31,

2017, Housecall filed the instant motion to compel. Plaintiff *only thereafter* filed a motion for summary judgment. (Def.'s Mot. to Compel, ECF No. 46; Plf.'s Mot. for Summ. J., ECF No. 54). At the presentation of the motion to compel, Housecall's counsel represented in open court that its discovery requests sought documents necessary to respond to the motion for summary judgment. (Order, ECF No. 45). For judicial efficiency, the Court allowed the motion to compel to be heard as a Rule 56(d) motion without the need for an affidavit. (Order, ECF No. 45).

## ARGUMENT

### I. Housecall's Requests Are Relevant to Count V of Plaintiff's Complaint.

Plaintiff seeks summary judgment on Count V of its complaint, which relates to whether Housecall failed to disclose to Plaintiff certain information regarding its former employee, Charles DeHaan. (Compl., p. 9, ECF No. 1; Plf.'s Mot. for Summ. J., p. 15, ECF No. 54). Housecall's requests seek information and documents relating to the negotiation of and application for the Policy, such as emails, notes, and the application itself, to determine whether such a disclosure was made to Plaintiff. (Plf.'s R. 26 Resp., ECF No. 46-2; Plf.'s R. 34 Ans., ECF No. 46-3). This information is clearly relevant to the issue of disclosure, as evidenced by the fact that the parties agreed in their joint status report for this Court that "a factual dispute exists over whether Essex knew or reasonably should have known about the complaints against DeHaan." (Joint Status Report, pp. 3-4, ECF No. 22). Because the aforesaid documents are needed to respond to the motion for summary judgment, Plaintiff should be compelled to produce same.

2

## II. Plaintiff's Objection That Documents Are Already Possessed by Housecall is Untrue and Unfounded.

Plaintiff is incorrect that Housecall possesses the Policy application or Plaintiff's communications and internal notes. A third-party insurance broker communicated with Plaintiff to obtain the Policy. These documents are in Plaintiff's possession and support its claims or defenses for Count V of the complaint, as discussed above. Plaintiff cannot decide whether it "may" produce documents listed in its Rule 26 disclosure; Rule 26 requires production even without a specific request. (Plf.'s Rule 26 Disclosures, pp. 4-5, ECF No. 46-1); *Shott v. Rush Univ. Med. Ctr.*, No. 11 C 50253, 2015 WL 138098, at *3 (N.D. Ill. Jan. 7, 2015), aff'd, 652 F. App'x 455 (7th Cir. 2016), cert. denied, 137 S. Ct. 592, 196 L. Ed. 2d 475 (2016) ("Rule 26 provides an obligation for a party to turn over a copy, or a description by category and location, of all documents or things that will be used to support its claims or defenses without the need for a discovery request.").

And to the extent Housecall possesses information or documents sought, this is not a proper objection to a Rule 26 request. As stated in *Shott*, Rule 26 of the Federal Rules of Civil Procedure does <u>not</u> have " . . . a broad exemption for documents otherwise available to both parties." 2015 WL 138098, at *3 (N.D. Ill. 2015); *See* Fed. R. Civ. P. 26. Plaintiff <u>cites no authority</u> to the contrary. (Plf.'s Resp. to Def.'s Mot. to Compel, p. 7, ECF No. 61). Plaintiff's objection should, therefore, be overruled.

III. **Plaintiff's Objection that Certain Documents Are Privileged Must be Supported by a Privilege Log.**

To the extent Housecall's requests seek documents that may be privileged, Plaintiff is obligated to provide a privilege log describing the nature of the document. Fed. R. Civ. P. 26(b)(5); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 505 (N.D. Ill. 2009), objections overruled, No. 09 C 2264, 2010 WL 308975 (N.D. Ill. Jan. 13, 2010), quoting *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir.2006) ("An attorney asserting privilege must timely support that claim with a 'privilege log' which describes the nature of each document being withheld."). Plaintiff has <u>not</u> produced a privilege log and should, thus, be required to produce same based on its objection.

## CONCLUSION

For all these reasons, Housecall Physicians of Illinois, S.C., respectfully requests this Court grant its motion to compel Plaintiff's discovery production, and for such other and further relief as is just and proper. It is so prayed.

| | |
|---|---|
| Marty J. Schwartz<br>Nicholas D. Standiford<br>Kevin A. Ameriks<br>Schain, Banks Kenny & Schwartz, Ltd.<br>70 W. Madison Street, Suite 5300<br>Chicago, Illinois 60602<br>kameriks@schainbanks.com<br>Attorney No. 62922277 | HOUSECALL PHYSICIANS OF<br>ILLINOIS, S.C. d/b/a MD@HOME,<br><br>/s/ Kevin A. Ameriks<br>One of Its Attorneys |